Curia, per
Wardlaw, J.
The gift to the plaintiff, *167 and his minority at the time of the sale to the defendant, hav*‘ ing been clearly proved, the jury, under the instructions given to them, must have found that the contract of sale had been confirmed by the plaintiff after he came to full age. This finding seems to this court to have been without evidence. It must rest entirely on the evidence concerning the execution of R. W. Norris vs. Hinson Norris, for, concerning the bill of sale, all the acts of the plaintiff took place before he was of age. The execution came somehow from Laurens to Abbeville, more than two years after this suit was commenced — but there was no direct evidence that the plaintiff ever intermeddled with it; and that he ever received any benefit from it, was disproved. It was urged that the lodgment of it in the office of Abbe-ville, of itself, raised the presumption that the plaintiff must have transferred it from Laurens, and agreed to look to it for his indemnity. The presumption, without other* evidence, is equally strong, that one of the sheriffs, of his own head, did all that was done about the execution ; and-that, with the evidence that H. Norris was insolvent, and§ that the plaintiff was then prosecuting this suit, seems entirely to rebut the presumption urged by the defendant. But giving full force to the defendant’s presumption, it would be only proof that, long after the commencement of the suit, the plaintiff had, in confirmation of his contract, done an act by which his right of action was defeated ; that is, that the plaintiff, who by bringing his suit had dis-affirmed and made void a voidable sale which was made during his minority, had, after the disaffirmance, confirmed the sale. Such matter might, like*any sale made by the plaintiff of the converted chattel, during the penden-cy of his action of trover, mitigate the damages; but (if it could avail at all, of itself, to bar the right of action,) could, for that purpose, be shewn only under a plea of puis darrein continuance, or a plea to the further maintenance of the suit. But if the matter be urged, not as constituting of itself, a bar, but as evidence, arising from acts since the commencement of the suit, of a confirmation before the commencement, we must, to give it effect, be led to the" conclusion that Hhe plaintiff not only transferred the *168 [{execution, but between the time he became of age and the I {commencement of his suit, agreed to accept the execution in place of his negro. This would be to establish one fact by violent presumption, and from this fact to deduce another, by a presumption more violent. According to the decision in the case of Norris vs. Wait, (2 Rich. 148) and other authorities, this court is satisfied, that to shew a confirmation of am.infant’s contract, there must be, after he attains maturity, and with a full knowledge of his rights, one of these three things, viz: 1, acquiescence, from which assent may be fairly inferred; 2, an adequate benefit enjoyed, which has grown directly or indirectly out of the contract; 3, some direct act of express assent. The evidence in this case seems wholly deficient under either of these heads.
The infant’s fraud has been strongly pressed upon the \court. His conduct seems to have amounted to at least a Ifconnivance at his father’s fraud ; but there is no evidence /that gain thence resulted to him. An infant is liable for jhis torts — but his tort neither makes valid his void con-i tract, nor takes away his right of disaffirming avoidable one. If an infant, representing himself to be of age, give a bond for money borrowed, the plea of infancy will avail against the bond: upon proof that the money was in his hands after he was of age, the implied contract to repay might be confirmed, so that such money might be recovered from him. If an infant, under fraudulent representations of his age, take up goods on credit, he may, notwithstanding the fraud^disaffirm action for the price of the the contract, and defeat an price ol tne goods. Possession of the goods after he was of age, might establish a confirmation of the contract, or after it was avoided, subject him to answer in trover for their value. So if an infant, fraudulently representing his age, sell his goods and waste thm'mo-ney, he may, after he is of age, disaffirm the contract and recover his goods ; possession of the money after he was of age might be proof of confirmation, or might, after the contract was avoided, subject him to an action for that money. For damages occasioned bjr his deceit in^ny of these cases, there is authority (not, however, úncontradic- *169 ted,) for,saying that the infant would be liable ;_but no authority for saying that, at law, this liability confirms his contract, so as to form a replication to his plea if he be defendant, or to constitute a plea to his action if he be plaintiff. A court of equity, where an infant is compelled to resort to it, may require that he shall do equity before he shall have relief; but the equity principles cannot be safely applied to the practice and remedies of the law courts. The disability of an infant would be a feeble protection, if it could be altogether removed by proof of misrepresentations made by him at a time when he is not liable, generally for presumed want of discretion to protect his interests. For the injury w h i c h the deceit — b-a-s-o.cc a - sioned, let the infant answer in a proper action ; let the circumstances "of the deceit be considered in weighing the evidence of confirmation ; but we cannot hold that damages occasioned by deceit, shall be set off in an action of trover, or that fraud takes away the disability of infancy concerning contracts, or that when there is no evidence of confirmation, the evidence shall be supplied by presumptions, because there was unfairness.
The motion for new trial is granted.
O’Neall, Evans and Frost, JJ. concurred.